In the Matter of the Construction of the Trust Agreement between FRANK COOPER and NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Trustee, Respondent. JAMES C. COOPER, Appellant; MABEL G. COOPER, Respondent.— Appeal from an order of the Supreme Court in Albany County, construing the provisions of a trust agreement and an assignment executed by two of the beneficiaries named therein. During his lifetime, Frank Cooper entered into a trust agreement with the National Commercial Bank and Trust Company of Albany for the benefit of certain beneficiaries, including James C. Cooper, now deceased, and James Compton Cooper. Thereafter James C. Cooper and James Compton Cooper executed an assignment of "all moneys due or to become due the Assignors as income" under said trust agreement, to Frank

Cooper and Mabel G. Cooper, during their lifetime or the lifetime of the survivor. During the time involved here the trustee was directed by the terms of the trust agreement to pay to James Compton Cooper one half of the principal remaining in the trust, together with any income therefrom "at the rate of $500.00 per year". Under these circumstances, respondent Mabel G. Cooper urges that she is entitled, by virtue of the above-quoted language in the assignment, to the full $500 per year, and appellant James Compton Cooper urges that she is entitled to only the income produced by his share in the trust fund, and that the amount taken from the principal to make up the $500 should be paid to him. Thus is presented the only question on this appeal. The court below upheld the contention of Mabel G. Cooper upon the theory that the provision for the payment of principal and income created an annuity rather than a direction for the payment of income from the trust, and was intended by the trustor to be income to the recipients. This court has previously upheld the validity of the trust agreement and the assignment. (*Matter of Cooper*, 273 App. Div. 930.) Inherent in that decision, holding that the assignment was not void under section 15 of the Personal Property Law, is a determination that principal as well as interest was assigned. The interpretation of the language of the assignment by the court below is reasonable and sound. Order unanimously affirmed, with $10 costs. Foster, P. J., Coon, Halpern and Imrie, JJ., concur; Bergan, J., taking no part.